UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

HAROLD GLENN MOORE, #239467,

        Petitioner,

v.

        CASE NO. 14-CV-10616
        HONORABLE MARIANNE O. BATTANI

MARY BERGHUIS,

        Respondent.
_____/

**OPINION AND ORDER GRANTING RESPONDENT'S MOTION FOR SUMMARY JUDGMENT, DISMISSING THE PETITION FOR A WRIT OF HABEAS CORPUS, DENYING A CERTIFICATE OF APPEALABILITY, AND DENYING LEAVE TO PROCEED IN FORMA PAUPERIS ON APPEAL**

## I. INTRODUCTION

Michigan prisoner Harold Glenn Moore ("Petitioner") has filed a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 alleging that he is being held in custody in violation of his constitutional rights. The matter is before the Court on Respondent's motion for summary judgment seeking to dismiss the petition as untimely under the one-year limitations period applicable to federal habeas actions. Having reviewed the matter, the Court finds that the habeas petition is untimely and must be dismissed for failure to comply with the one-year statute of limitations set forth at 28 U.S.C. § 2244(d). The Court also finds that a certificate of appealability and leave to proceed in forma pauperis on appeal should be denied.

## II. FACTS AND PROCEDURAL HISTORY

Petitioner pleaded no contest to assault with intent to commit sexual penetration, armed robbery, and first-degree home invasion in the Oakland County Circuit Court on July

21, 2008.  The trial court sentenced him as a fourth habitual offender to concurrent terms of 20 to 40 years imprisonment on the assault and armed robbery convictions and 10 to 40 years imprisonment on the home invasion conviction on August 6, 2008.

Petitioner did not file a direct appeal of his convictions in the state courts.  Rather, appointed appellate counsel reviewed his case, met with him, and determined that he had no valid grounds for appeal.  On December 10, 2008, Petitioner signed an affidavit indicating that he met with appellate counsel, that he had no appellate issues, and that he wanted to withdraw his request for court-appointed appellate counsel.  A stipulation and order for the request for court-appointed appellate counsel to be vacated was signed by the trial court on April 17, 2009.

Petitioner filed a motion for relief from judgment, dated November 18, 2011, with the state trial court, which was denied in a written opinion.  People v. Moore, No. 08-220854-FC (Oakland Co. Cir. Cit. Oct. 1, 2012).[1]  Petitioner filed a motion for reconsideration with the trial court, which was denied in November, 2012.  Petitioner then filed a delayed application for leave to appeal with the Michigan Court of Appeals, which was denied "because defendant failed to meet the burden of establishing entitlement to relief under MCR 6.508(D)."  People v. Moore, No. 314671 (Mich. Ct. App. Sept. 17, 2013).  Petitioner filed an application for leave to appeal with the Michigan Supreme Court, which was similarly denied.  People v. Moore, 495 Mich. 917, 840 N.W.2d 343 (Dec. 23, 2013).

Petitioner dated his federal habeas petition on February 6, 2014.  He raises claims concerning his right to a polygraph examination, an illusory plea, and the constructive

---

[1]There is confusion in the record about when Petitioner's motion for relief from judgment was filed with the state trial court.  For purposes of this opinion, the Court shall consider the date the motion was signed, November 18, 2011, as the filing date.

denial and/or effectiveness of trial and appellate counsel. Respondent now seeks summary judgment contending that the petition is untimely and must be dismissed. Petitioner disagrees, asserting that his claims are meritorious.

### III. SUMMARY JUDGMENT STANDARD

Under the Federal Rules of Civil Procedure, summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249 (1986); Sanders v. Freeman, 221 F.3d 846, 851 (6th Cir. 2000). The moving party bears "the burden of showing the absence of a genuine issue as to any material fact." Adickes v. S.H. Kress & Co., 398 U.S. 144, 157 (1970). To defeat a motion for summary judgment, the non-moving party must set forth specific facts sufficient to show that a reasonable fact finder could return a verdict in his or her favor. Sanders, 221 F.3d at 851. The summary judgment rule applies to habeas proceedings. Redmond v. Jackson, 295 F. Supp. 2d 767, 770 (E.D. Mich. 2003).

### IV. DISCUSSION

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), codified at 28 U.S.C. § 2241 et seq., became effective on April 24, 1996. The AEDPA governs the filing date for this action because Petitioner filed his petition after the AEDPA's effective date. Lindh v. Murphy, 521 U.S. 320, 336 (1997). The AEDPA includes a one-year period of limitations for habeas petitions brought by prisoners challenging state court judgments. The statute provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--

>> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d). A habeas petition filed outside the proscribed time period must be dismissed. Isham v. Randle, 226 F.3d 691, 694-95 (6th Cir. 2000) (dismissing case filed 13 days after the limitations period expired); Wilson v. Birkett, 192 F. Supp. 2d 763, 765 (E.D. Mich. 2002).

Petitioner's convictions became final after the AEDPA's April 24, 1996 effective date. Petitioner was sentenced on August 6, 2008. Under the state court rules in effect at that time, he had 12 months to file a delayed application for leave to appeal with the Michigan Court of Appeals. See Mich. Ct. R. 7.205(F)(3) (amended to 6 months in 2011). He did not do so. His convictions thus became final on August 6, 2009 – when the time for seeking leave to appeal with the Michigan Court of Appeals ended. See Williams v. Birkett, 670 F.3d 729, 731 (6th Cir. 2012) (conviction became final after the one-year time limit for filing a direct appeal expired under MCR 7.205(F)(3)); see also Gonzalez v. Thaler, _ U.S. _, 132 S. Ct. 641, 656 (2012) (when a petitioner does not seek review in a state's

4

highest court, the judgment becomes final when the time for seeking such review expires). Accordingly, Petitioner was required to file his federal habeas petition on or before August 6, 2010, excluding any time during which a properly filed application for state post-conviction or collateral review was pending in accordance with 28 U.S.C. § 2244(d)(2).

Petitioner filed his state court motion for relief from judgment, at the earliest, on November 18, 2011, the date it was signed. Thus, the one-year limitations period expired well before Petitioner sought state post-conviction review. A state court post-conviction motion that is filed following the expiration of the limitations period cannot toll that period because there is no period remaining to be tolled. Hargrove v. Brigano, 300 F.3d 717, 718 n. 1 (6th Cir. 2002); Webster v. Moore, 199 F.3d 1256, 1259 (11th Cir. 2000); see also Jurado v. Burt, 337 F.3d 638, 641 (6th Cir. 2003). Petitioner's state post-conviction proceedings did not toll the running of the statute of limitations. The AEDPA's limitations period does not begin to run anew after the completion of state post-conviction proceedings. Searcy v. Carter, 246 F.3d 515, 519 (6th Cir. 2001).

Petitioner fails to demonstrate that the State created an impediment to the filing of his federal habeas petition, nor does he establish that his claims are based upon newly-discovered evidence or newly-created retroactively-applicable rights which would warrant habeas relief. His habeas petition is therefore untimely under 28 U.S.C. § 2244(d).

The United States Supreme Court has confirmed that the statute of limitations is not a jurisdictional bar and is subject to equitable tolling. Holland v. Florida, 560 U.S. 631, 645 (2010). The Supreme Court has further verified that a habeas petitioner is entitled to equitable tolling "only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." Id. at 649 (quoting Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005)); see also Robertson v.

Simpson, 624 F.3d 781, 783-84 (6th Cir. 2010). A petitioner has the burden of demonstrating that he is entitled to equitable tolling. Allen v. Yukins, 366 F.3d 396, 401 (6th Cir. 2004). "Typically, equitable tolling applied only when a litigant's failure to meet a legally-mandated deadline unavoidably arose from circumstances beyond that litigant's control." Jurado, 337 F.3d at 642 (quoting Graham-Humphreys v. Memphis Brooks Museum of Art, Inc., 209 F.3d 552, 560 (6th Cir. 2000)).

Petitioner makes no such showing. While Petitioner seems to believe that he should be allowed to proceed because appellate counsel did not file a direct appeal, the record indicates that Petitioner discussed such matters with counsel and signed an affidavit to voluntarily withdraw his request for court-appointed counsel in December, 2008. The related stipulation and order was finalized in April, 2009. Petitioner was thus aware that counsel would not be filing an appeal on his behalf at that time.

Moreover, even assuming that counsel impeded Petitioner's pursuit of a direct appeal in the state courts, such conduct did not impair Petitioner's ability to pursue collateral relief in state court or habeas relief in federal court within the one-year period. See Miller v. Cason, 49 F. App'x 495, 497 (6th Cir. 2002) (state court's alleged failure to give petitioner notice of appeal rights at sentencing, to timely appoint counsel to perfect a late appeal, and to provide transcripts for a period of time did not justify tolling because petitioner failed to explain why those actions prevented him from timely filing his habeas petition). Petitioner had ample opportunity to file a motion for relief from judgment in state court and/or file his habeas petition in federal court in a timely manner.

Furthermore, the fact that Petitioner is untrained in the law, may have been proceeding without a lawyer for a period of time, or may have been unaware of the statute of limitations does not warrant tolling. See Allen, 366 F.3d at 403 (ignorance of the law

6

does not justify tolling); Rodriguez v. Elo, 195 F. Supp. 2d 934, 936 (E.D. Mich. 2002) (the law is "replete with instances which firmly establish that ignorance of the law, despite a litigant's pro se status, is no excuse for failure to follow established legal requirements); Holloway v. Jones, 166 F. Supp. 2d 1185, 1189 (E.D. Mich. 2001) (lack of legal assistance does not justify tolling); Sperling v. White, 30 F. Supp. 2d 1246, 1254 (C.D. Cal. 1998) (citing cases stating that ignorance of the law, illiteracy, and lack of legal assistance do not justify tolling). Petitioner is not entitled to equitable tolling under Holland.

Both the United States Supreme Court and the United States Court of Appeals for the Sixth Circuit have held that a credible claim of actual innocence may equitably toll the one-year statute of limitations. McQuiggin v. Perkins, _ U.S. _, 133 S. Ct. 1924, 1928 (2013); Souter v. Jones, 395 F.3d 577, 588-90 (6th Cir. 2005). As explained in Souter, to support a claim of actual innocence, a petitioner in a collateral proceeding "must demonstrate that, in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him." Bousley v. United States, 523 U.S. 614, 623 (1998) (quoting Schlup v. Delo, 513 U.S. 298, 327-28 (1995)); see also House v. Bell, 547 U.S. 518, 537-39 (2006). A valid claim of actual innocence requires a petitioner "to support his allegations of constitutional error with new reliable evidence – whether it be exculpatory scientific evidence, trustworthy eyewitness account, or critical physical evidence – that was not presented at trial." Schlup, 513 U.S. at 324. Significantly, actual innocence means "factual innocence, not mere legal insufficiency." Bousley, 523 U.S. at 623. Petitioner makes no such showing. He is thus not entitled to equitable tolling of the one-year period.

## V. CONCLUSION

For the reasons stated, the Court concludes that Petitioner failed to file his federal habeas petition within the one-year limitations period established by 28 U.S.C. § 2244(d),

that he has not demonstrated entitlement to statutory or equitable tolling, and that the statute of limitations precludes review of his claims. Accordingly, the Court **GRANTS** Respondent's motion for summary judgment and **DISMISSES WITH PREJUDICE** the petition for a writ of habeas corpus.

Before Petitioner may appeal the Court's decision, a certificate of appealability must issue. See 28 U.S.C. § 2253(c)(1)(a); Fed. R. App. P. 22(b). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a court denies relief on the merits, the substantial showing threshold is met if the petitioner demonstrates that reasonable jurists would find the district court's assessment of the constitutional claim debatable or wrong. Slack v. McDaniel, 529 U.S. 473, 484-85 (2000). When a court denies relief on procedural grounds without addressing the merits, a certificate of appealability should issue if it is shown that jurists of reason would find it debatable whether the petitioner states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the court was correct in its procedural ruling. Id. Jurists of reason would not find the Court's procedural ruling debatable. Accordingly, the Court **DENIES** a certificate of appealability. The Court also **DENIES** leave to proceed in forma pauperis on appeal as an appeal cannot be taken in good faith. See Fed. R. App. P. 24(a).

**IT IS SO ORDERED**.

Date: October 6, 2014

s/Marianne O. Battani
MARIANNE O. BATTANI
United States District Judge

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing Order was served upon counsel of record via the Court's ECF System to their respective email addresses or First Class U.S. mail to the non-ECF participants on October 6, 2014.

s/ Kay Doaks
Case Manager